HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CHARLES WILLIAM CUMMINGS, JR., <br><br> Plaintiff, <br><br> v. <br><br> COURTTRAX CORPORATION, a Washington Corporation, <br><br> Defendant. | NO. 2:16- CV-00074- RSM <br><br> DEFENDANT COURTTRAX'S ANSWER TO PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT |

For its Answer to Plaintiff's Complaint for Breach of Contract and Declaratory Judgment, Defendant CourtTrax Corporation ("**Defendant**" or "**CourtTrax**") responds as follows:

## I. PARTIES

1.1     Answering Paragraph 1.1, Defendant lacks information sufficient to respond to this allegation, and therefore denies it.  By way of further answer, Defendant states that upon information and belief, Plaintiff works in Washington state and therefore may be a Washington state resident.

1.2     Answering Paragraph 1.2, Defendant generally admits the allegations, but states its principal place of business is in Bellevue, Washington.

DEFENDANT COURTTRAX'S ANSWER TO PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT (2:16-CV-00074-RSM) - 1

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

{03026908.DOCX;4 }

## II. JURISDICTION AND VENUE

2.1     Answering Paragraph 2.1, Defendant denies the allegations in this paragraph. Plaintiff may not be a citizen of a different state than CourtTrax and Defendant denies the amount in controversy has been exceeded in this case.

2.2     Answering Paragraph 2.2, Defendant states the allegations contain only conclusions of law to which no response is necessary.  To the extent any response is necessary, Defendant challenges whether federal court jurisdiction is present in this case, but otherwise admits the allegations in this paragraph.

2.3     Answering Paragraph 2.3, Defendant admits the parties have agreed to resolve their dispute in Washington State as opposed to Delaware, but Defendant denies that it has consented to proceed in Federal District Court.

## III. FACTS

3.1     Answering Paragraph 3.1, Defendant admits the allegations.

3.2     Answering Paragraph 3.2, Defendant admits the allegations.

3.3     Answering Paragraph 3.3, Defendant states the document referenced therein speaks for itself, and Defendant denies the allegations to the extent the language used does not conform thereto.  To wit, the document referenced contains qualifications to the indemnification right, which Plaintiff does not set forth in the allegation. Accordingly, the representation concerning the Indemnification Agreement is inaccurate, and Defendant further denies the allegations in Paragraph 3.3 regarding same.  Defendant further responds that some or all of the allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required to such allegations, Defendant denies same.

3.4     Answering Paragraph 3.4, Defendant states the document referenced therein speaks for itself, and Defendant denies the allegations to the extent the language used does not conform thereto.  To wit, the document referenced contains qualifications to the indemnification right, which Plaintiff does not set forth in the allegation. Accordingly, Plaintiff's representation

DEFENDANT COURTTRAX'S ANSWER TO PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT (2:16-CV-00074-RSM) - 2

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

{03026908.DOCX;4 }

concerning the Indemnification Agreement is inaccurate, and Defendant denies the allegations in Paragraph 3.4 regarding same. Defendant further responds that some or all of the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required to such allegations, Defendant denies same.

3.5     Answering Paragraph 3.5, Defendant denies the allegations. The Plaintiff, rather the Defendant, first voluntarily brought claims in King County Superior Court, Case No. 15-2-02794-8SEA.

3.6     Answering Paragraph 3.6, Defendant lacks information sufficient to respond to this allegation, but generally admits it.

3.7     Answering Paragraph 3.7, Defendant generally denies the allegations, although admits that CourtTrax filed defensive counterclaims against Plaintiff after Plaintiff brought his affirmative promissory notes claim against CourtTrax in King County Superior Court in February 2015. Defendant further admits that nine months after filing suit, Plaintiff demanded payment referencing the Indemnification Agreement.

3.8     Answering Paragraph 3.8, Defendant admits that Plaintiff demanded that CourtTrax advance him attorney's fees and costs pursuant to the Indemnification Agreement. Defendant denies that Plaintiff is entitled to an advance of fees and costs, or any similar relief, under the terms of the Indemnification Agreement.

### IV.   FIRST CAUSE OF ACTION—BREACH OF CONTRACT

4.1     Answering Paragraph 4.1, Defendant re-alleges the substance of all preceding responses in this Answer.

4.2     Answering Paragraph 4.2, Defendant responds that some or all of the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required to these allegations, Defendant admits the allegations although only to the extent the Indemnification Agreement comports with Washington state law.

DEFENDANT COURTTRAX'S ANSWER TO PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT (2:16-CV-00074-RSM) - 3

{03026908.DOCX;4 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

4.3     Answering Paragraph 4.3, Defendant states the document referenced therein speaks for itself, and Defendant denies the allegations to the extent the language used does not conform thereto.  To wit, the document referenced contains qualifications to the indemnification right, which Plaintiff does not set forth in the allegation.  Accordingly, Plaintiff's representation concerning the Indemnification Agreement is inaccurate, and Defendant denies the allegations regarding same.  Defendant further responds that some or all of the allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required to such allegations, Defendant denies same.

## V.   SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT

5.1     Answering Paragraph 5.1, Defendant re-alleges the substance of all preceding responses in this Answer.

5.2     Answering Paragraph 5.2, Defendant admits that a controversy exists between the Parties, but denies the remaining allegations.

5.3     Answering Paragraph 5.3, Defendant admits the allegations.

5.4     Answering the first Paragraph 5.4, Defendant generally admits the allegations, except denies that the Parties' legal dispute has sufficient immediacy and reality.

5.4     Answering the second Paragraph 5.4, Defendant states no allegation has been set forth to which an answer is necessary.  To the extent Defendant is required to answer these allegations, CourtTrax denies them.

5.5     Answering Paragraph 5.5 and each and all its subparts, Defendant states no allegation has been set forth to which an answer is necessary.  Defendant denies all allegations to which any response is necessary.

## V. JURY TRIAL DEMAND

Defendant CourtTrax waives its right to a jury trial on all issues.

## VI. ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief sought or any relief whatsoever.

DEFENDANT COURTTRAX'S ANSWER TO PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT (2:16-CV-00074-RSM) - 4

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

{03026908.DOCX;4 }

## AFFIRMATIVE DEFENSES

Some or all of Plaintiff's claims may be barred in whole or in part by one or more of the following affirmative defenses, which Defendant asserts in good faith to preserve its defenses and which are based on information known at the time of response.

1. Lack of subject matter jurisdiction: the $75,000 amount in controversy figure has not been met in this case sufficient to support federal court diversity jurisdiction.

2. Lack of subject matter jurisdiction: there is no live and immediate dispute between the parties amenable to resolution by this Court. The parties will go to trial in the pending state court action in less than 30 days, which will resolve their respective issues before this Court can meaningfully consider the issues in this case. Moreover, attorney's fees are at issue in the pending state court action, and so any resolution here will be duplicative of or may be precluded by the state court's upcoming determination on the matters.

3. Waiver or laches: Plaintiff was aware of Defendant's affirmative defenses no later than March 2015, and yet waited more than nine months to bring this lawsuit objecting to the same.

4. Plaintiff's Complaint fails to set forth a claim upon which relief can be granted, including but not limited to the fact that the specific terms of the Indemnification Agreement upon which Plaintiff substantially relies, are misstated in the Complaint. In particular, but not limited to the forgoing, Plaintiff may not offensively assert claims under the Indemnification Agreement and seek reimbursement. In addition, the claims in the state court lawsuit fall outside the scope of conduct for which indemnification is available under the Indemnification Agreement.

5. Judicial economy: Many of the issues in dispute in this case may be resolved in the pending state court action.

6. Failure to mitigate damages: Plaintiff has unnecessarily brought this parallel action to the pending state court action. Even if Plaintiff prevails, the attorney's fees incurred

DEFENDANT COURTTRAX'S ANSWER TO PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT (2:16-CV-00074-RSM) - 5

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{03026908.DOCX;4 }

herein are duplicative of and not reasonably necessary, and so are not compensable under the Indemnification Agreement or under equity or common law.

7. Defendant reserves the right to add additional defenses as they become known or relevant through discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of this Complaint and that said Complaint be dismissed with prejudice;

2. That Defendant be awarded its costs of suit, including attorneys' fees, incurred herein; and

3. For such other relief as the Court may deem fair and equitable.

DATED this 8th day of February , 2016.

CAIRNCROSS & HEMPELMANN, P.S.

*/s/ Kirsten G. Daniels*
Kirsten G. Daniels WSBA No. 36903
E-mail: kdaniels@cairncross.com
Ben A. Ellison WSBA No. 48315
E-mail: bellison@cairncross.com
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 587-0700
Facsimile: (206) 587-2308
Attorneys for Defendant CourtTrax Corporation

DEFENDANT COURTTRAX'S ANSWER TO PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT (2:16-CV-00074-RSM) - 6

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{03026908.DOCX;4 }

**Certificate of Service**

I, Amy E. Akers, certify under penalty of perjury of the laws of the State of Washington that on February 8th, 2016, I electronically filed this document entitled DEFENDANT COURTTRAX'S ANSWER TO PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT, using the CM/ECF system which will send notification of such filing to the following persons:

> Daniel Weiskopf, Esq.
> McNaul, Ebel, Nawrot & Helgren PLLC
> 600 University Street, Suite 2700
> Seattle, WA 98101-3143
> Phone: 206-467-1816
> Fax: 206-624-5128
>     Email: dweiskopf@mcnaul.com
> *Assistant:* Katie Walker
>     Email: katiewalker@mcnaul.com

DATED this 8th day of February, 2016, at Seattle, Washington.

> /s/ *Amy E. Akers*
> Amy E. Akers
> CAIRNCROSS & HEMPELMANN, P.S.
> 524 Second Avenue, Suite 500
> Seattle, WA 98104-2323
> Telephone: (206) 254-4490
> Facsimile: (206) 587-2308
> E-mail: aakers@cairncross.com

---

DEFENDANT COURTTRAX'S ANSWER TO PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT (2:16-CV-00074-RSM) - 7

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{03026908.DOCX;4 }